Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, New York 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

In re:

Eli Kafif and Mary Kafif,

Debtor.

-----------------------------------------------------------------------X

CASE NO.: 1-16-41959-nhl

**Chapter 11**

**AFFIRMATION IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)**

The debtors, Eli Kafif and Mary Kafif ("Debtors"), by its undersigned counsel, Alla Kachan of Law Office of Alla Kachan ("Attorney"), respectfully submits this Affirmation in Opposition ("Opposition") to the Motion ("Movant's Motion') by PNC Bank, National Association Successor by Merger to National City Bank ("Movant") to terminate the automatic stay as to Movant's interest in the real estate property commonly known as 1821 East 14th Street, Brooklyn, NY 11229 ("Premises") pursuant to Section 362(d)(2) of the Bankruptcy Code, and in support thereof, avers as follows:

**Preliminary Statement**

1.   I am the attorney of the Debtors and, as such, I am fully familiar with the facts and circumstances of the above captioned matter.

2.  I make this affirmation in opposition to Movant's Motion for an Order terminating the automatic stay immediately as to Movant's interest in the Premises pursuant to Section 362(d)(2) of the Bankruptcy Code together with such other and further relief as the Court may deem just proper.

3.  The Movant holds a mortgage for a line of credit on the premises and alleges that it is entitled for relief terminating the automatic stay pursuant to 11 U.S.C. § 362(d)(1). The Movant herein claims that it is not adequately protected because it holds a second mortgage in the amount of approximately $40,000.00, subordinate to a primary Seterus mortgage in the amount of approximately $468,000.00.

4.  In order to have authority to bring a claim, the Movant has to demonstrate that the following elements are satisfied:

a)  Federal court has subject matter jurisdiction to hear the foreclosure case;

b)  Movant has a standing to bring a claim for foreclosure of the Premises; and

c)  Movant has stated a valid claim complying with prerequisite statutory requirements.

5.  Otherwise, the claims by Movant should be dismissed pursuant to Fed. R. Civ. P 12(b)(1) and/or 12(b)(6).

6.  The property is currently valued at approximately at over $1.4 million dollars. See Zillow estimate annexed as <u>Exhibit A</u> hereto. The value of the property thus significantly exceeds both obligations combined and the creditor is more than adequately protected by the equity in the property.

7.  Additionally, the Debtors are currently in the process of modifying the primary mortgage loan and intends to seek modification of the credit line or otherwise settling their obligations terms once the process is completed.

8.  Based on the foregoing, lifting of the stay at this point would be detrimental to the Debtors' chances of effective reorganization and is, thus, not in the best interest of the estate.

## Standard of Review

9.  Movant alleges that this Court should terminate the automatic stay pursuant to pertinent part of the 11 U.S.C. §362(d)(2), which provides for the following:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(2) with respect to a stay of an act against property under subsection (a) of this section if –

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization.

10. Before the Court decides whether to engage in the review of the Movant's claim, it must first examine the issue of a "subject matter jurisdiction" of the Court to hear the Movant's claim and its capacity to bring the claim as a "party in interest." Otherwise, the claim should be dismissed pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6).

11. According to pertinent provisions of Fed. R. Civ. P. 12:

"(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

*Fed. R. Civ. P. 12.*

12. Only if the review of jurisdictional issues indicates that the Court is competent to hear the above claim by the Movant, it is possible to proceed to examine the scope of the Movant's Motion pursuant to 11 U.S.C. ¶ 362(d)(1) and Movant's capacity to "state a claim." Otherwise, the dismissal of the claim is warranted pursuant to failure to "state a claim". *Fed. R. Civ. P 12(b)(6).*

## Movant Has Failed To Establish That the Federal Court Possesses Subject Matter Jurisdiction to Adjudicate Foreclosure Claim, And Therefore, the Requested Relief by the Movant Should be Denied

13. Movant, as the party seeking to invoke the court's subject-matter jurisdiction, bears the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182–83 (1936))

14. "On a Rule 12(b)(1) motion, the plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996); *Liranzo v. United States,* 690 F.3d 78, 84 (2d Cir. 2012) (citing *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir.2005)).

15. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is

lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "Subject matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

16. "Subject matter jurisdiction has been defined as the power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question." *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 166, 278 NYS2d 793 [1967], quoting *Hunt v Hunt*, 72 NY 217, 229 [1878]).

17. As "a court of original, unlimited and unqualified jurisdiction" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718, 658 NYS2d 205 [1997], quoting *Kagen v Kagen*, 21 NY2d 532, 537, 289 NYS2d 195 [1968]), the state court is vested with general original jurisdiction and is competent to entertain all causes of actions (see *McKinney's NY Const. Art. 6, § 7[a]*), and it may do so unless it is specifically proscribed elsewhere in our State Constitution or in the Constitution of the United States or under some pre-emptive federal statute (see *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, supra).

18. That the state court's general original jurisdiction extends to mortgage foreclosure actions is unquestionable (See *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242-244, 837 NYS2d 247 [2d Dept 2007]; *Security Pacific Natl. Bank v Evans*, 31 AD3d 278, 820 NYS2d 2 [1st Dept 2006]).

19. Under the circumstances, where the Movant requests to terminate the automatic stay in the matter related to the claim for foreclosure, the Movant has failed to establish that this Court has subject matter jurisdiction to hear it. Therefore, the requested relief by the Movant should be denied.

**In Evaluating Whether the Movant Has Established the Cause for Terminating the Automatic Stay, Including Lack of Debtor Equity in the Premises, The Court Should Grant Relief In Favor Of The Debtor Since the Movant Has Failed to State A Claim Pursuant to Fed. R. Civ. P. 12(b)(6)**

20. "A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim." *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011). Therefore, the Court should apply the standard of reviewing Movant's claim pursuant to a Fed R. Civ. P. 12(b)(6) as in motion to dismiss for failure to state a claim.

21. Movant wants the Court to terminate the automatic stay under § 362(d)(2) due to lack of adequate protection.

22. Since the Movant has failed to present evidence to invoke subject matter jurisdiction of this Court to hear a case involving foreclosure controversy, the proper standard of review whether the inadequate protection of its interests in the Premises exist should be the one under the New York State law. (See *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242-244, 837 NYS2d 247 [2d Dept 2007]; *Security Pacific Natl. Bank v Evans*, 31 AD3d 278, 820 NYS2d 2 [1st Dept 2006], *Warth v. Seldin*, 422 U.S. at 498-99 [1975]).

23. In order to state a claim in a foreclosure action, the Movant has to observe the following requirements under the New York State law:

a) Provide at least 90 days pre-foreclosure notice pursuant to RPAPL § 1304,

b) Engage in a "good faith" negotiations to reach amicable settlement pursuant to CPLR § 3408.

24. Here, the Movant alleges that it does not have adequate protection as a subordinate mortgagee.

25. Under the procedural requirements of the NYS Foreclosure Prevention and Responsible Lending Act of 2008, RPAPL § 1304 (1)–(2), mortgage lenders and servicers are required to serve a pre-foreclosure notice, in at least fourteen-point type, upon the borrower at least ninety (90) days before commencing an action to foreclosure on all home loans.

26. The pre-foreclosure notice must state the number of days the borrower is in default on payment, the amount of money needed to cure the default, and provide contact information for five housing counseling agencies as well as the lender or loan servicer.

27. As the loan qualifies as a home loan, Movant should have sent the Debtor a 90 day pre-foreclosure notice. Movant failed to demonstrate that it has served the Debtor with a 90 day pre-foreclosure notice as prescribed in RPAPL § 1304.

28. Failure to send the 90-day foreclosure notice is a defense to the foreclosure requiring dismissal of the claim.

29. Additionally, Movant did not provide any viable documentation attesting to the value of the property, such as an appraisal report.

30. Moreover, in February 2009, the current Administration introduced a comprehensive Financial Stability Plan, which, in part, included a section intended to stabilize the housing market and help struggling homeowners get relief and avoid foreclosure. The section is known as the Home Affordable Modification Program, commonly referred to by its acronym "HAMP."

31. The HAMP under the Department of Treasury (DOT) bankruptcy rules are governed by *Supplemental Directive 10-02* (effective June 1, 2010). The directive provides for the following:

a) Borrowers in an active chapter 7 or chapter 13 bankruptcy cases must be considered for HAMP if the borrower, borrower's counsel, or bankruptcy trustee submits a request to the servicer.

32. Under these circumstances, where the Movant has not complied with the requirements of the law by failing to provide requisite notice to foreclose on the Premises and engage in a "good faith" negotiations with the Debtor by giving an opportunity to have an independent appraisal and engage in modification of the underlying loan, the proper remedy should be to dismiss the Movant's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

33. Thus, Movant's request for relief should be denied or, in the alternative, the Debtor should be afforded an opportunity to obtain its own valuation of the Premises.

### Movant's Request for Relief Should Be Denied, As Whether The Property is Necessary for Effective Reorganization of the Debtor is a Question of Fact to be Determined By the Court.

63. As stated above, movant presents absolutely no evidence to substantiate a claim that the property is not necessary to effective reorganization of the Debtor. In fact, a simple Zillow search reveals that the approximate value of the property is in excess of $1.4 million dollars, which not only covers the two (2) mortgages in full, but also leaves nearly $1 million dollars in equity for the protection of other creditors.

64. Moreover, the Debtors are currently actively engaging in modification of the primary mortgage and intends to seek modification of the credit line upon completion of said process.

65. The Debtors still believe that the Premises would be necessary as he emerges from bankruptcy.

## Conclusion

67. Movant has failed to present sufficient evidence that warrants the granting of the relief requested for the following reasons:

a) Failure to sustain the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists and this Federal Court has an authority to adjudicate issues involving foreclosure controversy;

b) Failure to comply with statutory requirements of stating the claim by not providing notice, not attempting to engage in a "good faith" negotiation process, and not attempting to modify the underlying mortgage debt as prescribed by HAMP;

c) Failure to demonstrate lack of adequate protection;

d) the Premises is necessary to the effective reorganization of the Debtor as he emerges from bankruptcy.

**WHEREFORE**, the Debtors respectfully request the entry of an Order:
A) Denying Movant's request, pursuant to Fed. R. Civ. P 12(b)(1),
B) Denying Movant's request, pursuant to Fed. R. Civ. P 12(b)(6), or in the alternative
C) Directing the Movant to engage in Home Affordable Modification Program and/or Court Supervised Loss Mitigation, pursuant to the Department of Taxation Supplemental Directive 10-02; and
D) Any other relief which the Court deems just and proper.

Dated: Brooklyn, New York
December 14, 2016

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, New York 11235
Tel.: (718) 513-3145

# EXHIBIT A



LIST FOR RENT    ♡ SAVE    ⊘ HIDE    GET UPDATES    SHARE    MORE ▾    City, State, or Zip 🔍

Public View    Owner View                     NEW YORK · New York · 11229 · Brooklyn · Homecrest · 1821 E 14th St




# 1821 E 14th St, Brooklyn, NY 11229

**7 beds · -- baths · sqft**

✏ Edit

Edit home facts for a more accurate Zestimate.

● **OFF MARKET**
Zestimate®:
**$1,417,188**
Price this home
Rent Zestimate®:
$2,500 /mo

Est. Refi Payment
**$5,378/mo**
🖩 ▾
See current rates

**GET A PROFESSIONAL ESTIMATE**

👤 Your Name

📞 Phone

✉ Email

I own this home and would like a professional estimate at 1821 E 14th St, Brooklyn, NY 11229.

Contact Agent

 **Rebecca Goldberg**    PREMIER AGENT
☆☆☆☆☆ (0)
7 Recent sales
(917) 924-5128

 **Melanie Kishk**    PREMIER AGENT
★★★★★ (77)
26 Recent sales
(718) 627-7390

 **Michael Napolitano & The Napolitano Team**    PREMIER AGENT
★★★★★ (148)
58 Recent sales
(718) 612-3088

Learn how to appear as the agent above

## Is this your rental?

Get a monthly local market report with comparable rentals in your area.

● I own and manage this rental
○ I manage this rental for the owner

Enter email